UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH L. FINNELL, JR.,<br><br>               Petitioner,<br><br>     v.<br><br>R.J. RACKLEY, Warden,<br><br>               Respondent. | No. CV 17-5488 VBF (FFM)<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

On July 28, 2017, petitioner Kenneth R. Finnell, Jr., ("petitioner") constructively[1] filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "petition") pursuant to 28 U.S.C. § 2254. (Dkt. 1.) The petition challenges petitioner's 2008 conviction in the Superior Court of Los Angeles County for murder (Cal. Penal Code § 187).

/ / /

/ / /

---

[1] A pro se petitioner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). However, in this case, neither the petition nor any attached documents indicate the date on which petitioner submitted his materials to prison authorities for mailing. Therefore, because the envelope containing the petition was post-marked on July 18, 2017, the Court construes the petition as filed on that date.

1. **LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996). Accordingly, AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001).

Because petitioner has not provided any basis to find otherwise, the Court presumes that Section 2244(d)(1)(A), which governs the start date in most habeas cases, applies here. Section 2244(d)(1)(A) provides that the one-year limitations period "shall run from the latest of . . . the date on which the [petitioner's conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." Where, as here, the challenged judgment was affirmed by the state's highest court, the period of direct review ends either when the petitioner failed to file a *certiorari* petition in the United States Supreme Court and the 90-day period for doing so has expired, or when the Supreme Court has ruled on a filed petition. *See Clay v. United States*, 537 U.S. 522, 527-32 and nn.3-4, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

The California Supreme Court affirmed petitioner's conviction on January 21, 2010.[2] Thus, for the purposes of section 2244(d)(1)(A), petitioner's conviction became final on April 22, 2010, ninety days after the California

---

[2] The Court takes judicial notice of Petitioner's state court proceedings as indicated on the California Courts of Appeal official case information website, found at http://appellatecases.courtinfo.ca.gov/index.html. *See Porter v. Ollison*, 620 F.3d 952, 954–55 (9th Cir. 2010) (federal courts may take judicial notice of state court dockets found on the internet).

Supreme Court affirmed his conviction. Accordingly, the one-year limitations period was set to expire on April 22, 2011. *See Patterson*, 251 F.3d at 1245-47. Because petitioner did not initiate the current proceedings until July 18, 2017, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

## 2. STATUTORY TOLLING

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, a petitioner is not entitled to statutory tolling if he filed his initial state habeas petition after the one-year federal limitations period had expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that 28 U.S.C. § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

California court records show that petitioner has filed only one state habeas petition in either the California Court of Appeal or the California Supreme Court. That petition was filed in the California Supreme Court on July 27, 2016, and denied on October 12, 2016. Thus, petitioner is ostensibly not entitled to any statutory tolling on the basis of that petition, as he filed it well after the one-year limitations period had expired. Moreover, while it is possible (but highly unlikely) that petitioner managed to toll the statute by filing habeas petitions in the Los Angeles County Superior Court, nothing before this Court suggests that is the case here. Accordingly, at this time petitioner does not appear entitled to any statutory tolling of the limitations period.

## 3. EQUITABLE TOLLING

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's

3

control made timely filing of a federal habeas petition impossible and the petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner has made no showing of extraordinary circumstances or of diligence and, therefore, has not demonstrated that equitable tolling is appropriate in this case.

**4. ORDER TO SHOW CAUSE**

Under the allegations and facts of the petition, petitioner has not demonstrated that he is entitled to a later start date of the limitations period. Therefore, and because the petition does not demonstrate any basis for tolling the statute, or for setting aside the one-year limitation, the Court orders petitioner to show cause in writing within thirty (30) days of the date of this order why the petition should not be dismissed as time-barred. If petitioner fails to provide a timely response to this order, the Court will recommend that the petition be dismissed, with prejudice, as time-barred.

IT IS SO ORDERED.

DATE: August 25, 2017

                                            /S/FREDERICK F. MUMM
                                            FREDERICK F. MUMM
                                      United States Magistrate Judge